Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PERRY PRIDMORE** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **COMENITY BANK** | |
| Defendant. | **(Telephone Consumer Protection Act)** |

## COMPLAINT

PERRY PRIDMORE ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against COMENITY BANK. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Ramsey, New Jersey 07446.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a national bank with its principal place of business located at 3100 Easton Square Place, Columbus, OH 43219-6232.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number that she has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.     Beginning in May 2015, and continuing through July 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14.     Defendant called Plaintiff from numbers including, but not limited to, (614) 754-4131. The undersigned has confirmed this number belongs to Defendant.

15. When contacting Plaintiff's cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In early June 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

19. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several weeks.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff after he revoked consent in June 2015 were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

- 3 -

PLAINTIFF'S COMPLAINT

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, PERRY PRIDMORE, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PERRY PRIDMORE, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not

subject to any other action pending in any court, arbitration or administrative proceeding.

                                      Respectfully submitted,

Dated: July 10, 2015                By: /s/ Amy L. Bennecoff Ginsburg
                                        Amy L. Bennecoff Ginsburg, Esquire
                                        Kimmel & Silverman, P.C.
                                        1930 East Marlton Pike, Suite Q29
                                        Cherry Hill, NJ 08003
                                        Phone: (856) 429-8334
                                        Facsimile: (877) 788-2864
                                        Email: aginsburg@creditlaw.com